**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1362**

AMY SILVERSTONE,

Plaintiff - Appellant,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY, Maryland Insurance Commissioner,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:17-cv-00111-PX)

Submitted: November 27, 2019                    Decided: February 26, 2020

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mitchell I. Batt, LAW OFFICE OF MITCHELL BATT, Rockville, Maryland, for Appellant. Joshua Bachrach, Wilson Elser Moskowitz, EDELMAN & DICKER, L.L.P., Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amy Silverstone filed a complaint, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (2012), against Reliance Standard Life Insurance Company (Reliance), alleging that Reliance wrongfully denied her claim for continued long-term disability (LTD) benefits. Silverstone and Reliance both moved for summary judgment. The district court originally granted summary judgment in favor of Silverstone, concluding that Reliance had abused its discretion in denying her claim for continued LTD benefits. But, after realizing that it was Silverstone's burden to submit proof of total disability, the court granted Reliance's motion for reconsideration, vacated the prior order, and granted summary judgment in Reliance's favor. We affirm.

We review de novo the district court's disposition of cross-motions for summary judgment. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011). "Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted).

Where, as here, an ERISA plan grants an administrator discretion to award a benefit, we review the administrator's decision for abuse of discretion. *See Fortier v. Principal Life Ins. Co.*, 666 F.3d 231, 235 (4th Cir. 2012). "Judicial review of an ERISA

2

administrator's decision for abuse of discretion requires us primarily to determine whether the decision was reasonable, a determination that is informed by" the nonexhaustive list of factors we set forth in *Booth v. Wal-Mart Stores, Inc. Associates Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). *Griffin v. Hartford Life & Accident Ins. Co.*, 898 F.3d 371, 381 (4th Cir. 2018). Ultimately, though, "to be held reasonable, the administrator's decision must result from a deliberate, principled reasoning process and be supported by substantial evidence." *Id.* (brackets and internal quotation marks omitted). "[W]e will not disturb a plan administrator's decision if the decision is reasonable, even if we would have come to a contrary conclusion independently." *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 630 (4th Cir. 2010).

After reviewing the record and the parties' arguments, we conclude that Reliance did not abuse its discretion in denying Silverstone's claim for continued LTD benefits. We therefore affirm the district court's judgment substantially for the reasons stated in its opinion. *See Silverstone v. Reliance Standard Life Ins. Co.*, No. 8:17-cv-00111-PX (D. Md. Mar. 5, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*